IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

**STEPHANIE DEASON**

　　Plaintiff

vs.

**BROADCAST MUSIC, INC.**

　　Defendant

Docket No. _____
JURY DEMAND

## COMPLAINT

### Jurisdiction and Venue

1. This Complaint is an action for declaratory, injunctive and other appropriate relief, including compensatory and punitive damages, as permitted by the relevant statute, back pay, costs, and attorney's fees, to redress the deprivation of rights secured to the Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq. (hereinafter Title VII), the Equal Pay Act, 29 U.S.C. § 206(d) seq. and the Tennessee Human Rights Act.

2. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331. This Court has jurisdiction over Plaintiff's state law claim under the doctrine of supplemental jurisdiction. Venue is proper in this court.

1

## Parties

3. Plaintiff Stephanie Deason ("Deason") is a female citizen of the United States and the State of Tennessee. Plaintiff is a resident of Kingston Springs, Cheatham County, Tennessee, and resides in the judicial district of this Court.

4. Defendant Broadcast Music, Inc. ("BMI") is a foreign corporation with offices in Nashville, Davidson County, Tennessee. Defendant BMI is an employer within the meaning of 42 U.S.C. § 2000e (b) and 29 U.S.C. § 203 (d). Plaintiff Deason is employed in Defendant BMI's Nashville office.

## Administrative Procedures and Tolling

5. Within three hundred (300) days of the occurrence of the acts set forth herein, a Charge of Discrimination was filed by Plaintiff with the Equal Employment Opportunity Commission.

6. On November 30, 2011, the Equal Employment Opportunity Commission issued a Notice of Right to Sue, entitling Plaintiff Deason to institute a civil action in the appropriate court within ninety (90) days of the date of receipt of the Notice. The Notice was received by Plaintiff Deason on December 2, 2011.

## Factual Allegations

### Count I (Hostile Environment)

7. Deason began her employment with BMI on or about July 25, 1995. Her first position with BMI was as an Administrative Assistant. She then became an Executive Assistant when her supervisor, Dennis DiTraglia, was promoted from

2

Assistant Vice President to Vice President. She later had positions as an associate director in BMI's General Services Division.

8. Deason's direct supervisor at BMI and continuing until February 2009 was Dennis DiTraglia.

9. Under DiTraglia's supervision, Deason was subjected to a continuing hostile work environment based on her gender (female). DiTraglia regularly used sexual language towards Deason, made derogatory references to her about her body and used such words as "cunt" and "bitch". DiTraglia continuously belittled Deason's position and responsibilities with BMI, using gender related comments in a manner that he did not use with male employees. Such conduct continued up to and including three hundred days prior to the date Deason filed her Charge of Discrimination with the Equal Employment Opportunity Commission on June 18, 2009.

10. DiTraglia's behavior towards Deason was unwelcome.

11. DiTraglia's comments and behavior towards Deason were offensive to Deason and would be offensive to a reasonable person in Deason's position.

12. DiTraglia's comments and behavior towards Deason were sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment.

13. Deason complained to Human Resources about DiTraglia's conduct on at least three separate occasions between 2002 and January 2009. To Deason's knowledge, no investigation or remedial action was taken by BMI regarding the two complaints she made prior to January 2009. Deason was told that she would have to tolerate DiTraglia's conduct. BMI allegedly investigated the complaint Deason made in

3

January 2009 although Deason alleges that the investigation was neither thorough, complete nor effective. BMI reported to Deason that it did not find any inappropriate conduct on the part of DiTraglia as a result of its investigation although it acknowledged her previous complaints and its failure to respond to those complaints.

14. To her knowledge, as of the date that Deason filed her Charge of Discrimination, BMI had taken no action regarding DiTraglia arising from Deason's complaints.

15. The continuing conduct of DiTraglia created a hostile work environment based on Deason's gender.

16. As a result of these actions, Deason has been damaged.

## Count II

### (Gender Discrimination under Title VII)

17 Plaintiff incorporates by reference the allegations of paragraphs 1 – 16.

18. Throughout the course of her employment at BMI, Deason has been treated differently than similarly situated male employees of BMI because of her gender. Deason has been among the few female managers in the Nashville office since she began her employment with BMI in 1995.

19. Among the similarly situated male employees are Bobby Kelley (Maintenance Manager), Judd Smith (Director of Communication) and a former employee, Michael Mulkey (Director of Mail Services). Kelley was hired by BMI on or about January 2, 1995. Smith was hired by BMI on or about November 13, 1995. Mulkey was hired in 1999 and left BMI in 2010. Deason, Kelley, Smith and Mulkey all reported to DiTraglia.

4

20. Deason has a college degree; neither Smith, Kelley nor Mulkey have college degrees.

21. Neither Deason, Smith nor Kelley had any facilities management experience prior to being employed at BMI.

22. Deason had more supervisory responsibility in her positions at BMI than Mulkey.

23. Deason, Smith and Kelley have had similar supervisory responsibilities in their respective positions.

24. Deason has received only one promotion in her 17 years of employment with BMI although Kelley, Smith and Mulkey, among other similarly situated male employees received several promotions.

25. Deason's compensation and benefits are and have been significantly less than the above referenced similarly situated males.

26. In addition, Deason was not provided the same equipment benefits which were provided to similarly situated males such as home internet service, a Blackberry (which she did not receive until 2007) and a lap top computer which she did not receive until after her January 2009 complaint.

27. Deason was not granted permission to join, at BMI's expense, an industry organization (the International Facilities Management Association) related to her duties until after her January 2009 complaint. Permission to join this organization at BMI's expense was given to Kelley.

28. In February 2009 Deason was not invited to apply for the position of Director, Mail Center Operations and Document Services, the position vacated by

Mulkey although she inquired about the position in January 2009. The position was given to Matthew Berry who was made Deason's supervisor. Berry had no prior experience in facilities management and was less qualified for the position than was Deason. On information and belief, Berry was recruited, internally, for the position.

29. By failing to pay Plaintiff Deason commensurate with similarly situated males by treating her differently with respect to benefits provided to other similarly situated males, and by failing to promote her to the position of Director of Mail Services and awarding that position to a less qualified male, BMI discriminated against Deason with respect to her terms, conditions, and privileges of employment because of or on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964 as amended

30 As a result of such actions Deason has been damaged.

## Count III

### (Equal Pay Act "EPA")

31 Deason incorporates by reference the allegations of paragraph 1-4, 7-8, and 18-25.

32. From the beginning of her employment to the date of the filing of this complaint, BMI has paid Deason at a lesser rate than similarly situated male employees for equal work on jobs, the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

33. On information and belief, Deason alleges that her compensation has been significantly less than similarly situated male employees for equal work on jobs,

6

the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

34. BMI was aware of or disregarded the very possibility of an existing wage disparity between Deason and male comparators but did not correct the alleged wage disparity.

35. By its above-described acts and conduct, BMI willfully violated the EPA.

36. Deason has suffered direct pecuniary losses as a result of the BMI's above-described violation of the EPA as a result of which she has been damaged.

## Count IV

### Retaliation

37  Deason incorporates by reference the allegations of paragraphs 1-7, 13 and 14.

38. Deason has suffered retaliation for complaining about the conduct of DiTraglia and the discriminatory practices of BMI alleged herein.

39. After Deason made her complaint in January 2009, Deason was excluded from regular communication about her responsibilities including regular meetings that she had participated in previously.

40. Deason's job responsibilities were reduced without explanation.

41. Deason has been reprimanded about her attendance when similarly situated employees who have not complained about discriminatory practices have not been reprimanded.

42. Deason has been subjected to constant surveillance and increased

scrutiny of her work.

43. Although Deason was told that DiTraglia would no longer be in her chain of command when DiTraglia was removed as her supervisor, DiTraglia remained in a supervisory position over her.

44. In February 2010, Deason was told by her new supervisor, Matthew Berry, that he had been instructed by his supervisors to find ways to terminate her employment.

45. Deason has been treated differently than similarly situated employees of BMI because she engaged in protected activity. Such treatment continues up to and including the filing of this Complaint.

46 BMI's actions as alleged in paragraphs 37-45 were willful.

47. As a result of BMI's actions as alleged in paragraphs 37-45, Deason has been damaged.

48 By retaliating against Deason because she engaged in protected activity, BMI violated Deason's rights under Title VII of the Civil Rights Act of 1964, as amended and the Tennessee Human Rights Act.

## Court V

## Damages

49. Deason incorporates by reference the allegations of paragraph 8 – 48.

50. As a result of BMI's conduct, Deason has been paid less than similarly situated males, as a result of which she has not received the same compensation and fringe benefits as such males.

8

Case 3:12-cv-00212   Document 1   Filed 02/27/12   Page 8 of 10 PageID #: 26

51. As a result of BMI's conduct, Deason has been paid less than males for equal work on jobs, the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

52. As a result of BMI's conduct, Deason has suffered embarrassment, humiliation, anxiety, emotional distress, and damage to her professional and personal reputation.

53. As a result of BMI's conduct, Deason has incurred medical, counseling and medication expenses.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Issue this Complaint and require the Defendant to answer within the time prescribed by law;

2. Issue a declaratory judgment that Defendant's acts, practices and procedures complained of herein violated Plaintiff's rights as secured under Title VII, the Equal Pay Act and the Tennessee Human Rights Act;

3. Award Plaintiff compensatory and punitive damages, back pay, and reimbursement for lost benefits and other appropriate relief to redress the practices complained of herein;

4. Retain jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law;

5. Grant Plaintiff her costs, attorney's fees and disbursements;

6. Impanel a jury to try this cause; and

9

7. Grant such additional relief as the Court deems proper and just.

Respectfully submitted,

DOBBINS, VENICK, KUHN & BYASSEE, PLLC

By: _____
      Irwin Venick, #4112

210 25th Avenue, North, Suite 1010
Nashville, Tennessee 37203
(615) 321-5659

10

Case 3:12-cv-00212   Document 1   Filed 02/27/12   Page 10 of 10 PageID #: 28